United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORTHERN CALIFORNIA GLAZIERS,

    Plaintiff,

  v.

ARCHITECTURAL GLASS
CONSTRUCTION, INC.

    Defendant.
                                       /

No. C 08-05018 WHA

**ORDER RE ATTORNEY'S FEES**

        In this ERISA action regarding delinquent contributions, plaintiff Northern California Glaziers moved for summary judgment against defendant Architectural Glass Construction, Inc. Defendant filed a statement of nonopposition and explained at the hearing on the motion that it did not contest its liability. A November 5 order granted summary judgment against defendant and in favor of plaintiff. Because defendant has been found liable for delinquent contributions, an award of reasonable attorney's fees is mandatory pursuant to 29 U.S.C. 1132(g)(2).

        In its motion for summary judgment, plaintiff requested attorney's fees in the amount of $17755, but it failed to specify why this amount was reasonable. Additionally, plaintiff made basic arithmetic errors in its motion calculating the attorney's fees to which it claimed it was entitled. Based upon the hours plaintiff's counsel claimed to have worked and their requested rates, the total amount should have been $16459.50, not $17755.

        Plaintiff has now filed supplemental briefing and a sworn declaration from Attorney Kristen McCulloch in support of its request for attorney's fees. The latest submission seeks

$18134 in attorney's fees based on counsel's claim to have billed additional hours over what was claimed in the motion for summary judgment.

This order finds that plaintiff still has not provided adequate detail to justify whether its requested attorney's fees are reasonable. Plaintiff's submission gives only an aggregate number of hours billed by each time keeper with no description or explanation of the work done nor any basis for the number of hours billed. Nor does the submission adequately describe the credentials of the timekeepers so as to support the rates requested. For these reasons, this order finds that further supplementation is necessary. <u>Plaintiff's counsel is not permitted to include the time to prepare this supplemental briefing in its request for attorney's fees</u>.

No later than **NOON ON DECEMBER 10, 2009**, plaintiff's attorneys must file and serve a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time sought to be recovered. For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
| | Project Total: | | 23.5 | | $4350 |

All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause.  Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end.  Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment."  For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage.  This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration.  This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth.  These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated.  The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared.  It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

3

Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive. Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive.

**IT IS SO ORDERED.**

Dated: December 1, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE