United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORTHERN CALIFORNIA GLAZIERS,
ARCHITECTURAL METAL AND
GLASSWORKERS PENSION TRUST,
DOUGLAS CHRISTOPHER, Trustee, and
JOHN MAGGIORE, Trustee,

    Plaintiffs,

  v.

ARCHITECTURAL GLASS
CONSTRUCTION, INC.

    Defendant.
                                            /

No. C 08-05018 WHA

**ORDER GRANTING
ATTORNEY'S FEES**

In this ERISA action regarding delinquent contributions, plaintiffs Northern California Glaziers, Architectural Metal and Glassworkers Pension Trust and its trustees Douglas Christopher and John Maggiore moved for summary judgment against defendant Architectural Glass Construction, Inc. Defendant filed a statement of nonopposition pursuant to Civil Local Rule 7-3(b) and explained at the hearing on the motion that it did not contest its liability. A November 5 order granted summary judgment against defendant and in favor of plaintiffs. When an employer is found liable for delinquent contributions, an award of the unpaid contributions, interest, liquidated damages and reasonable attorney's fees and costs is mandatory. *See Northwest Administrators, Inc., v. Albertsons, Inc.*, 104 F.3d 253, 257–58 (9th Cir. 1996). The November 5 order awarded plaintiffs withdrawal liability of $243,798, interest of $41,512, liquidated damages of $48,759.60 and costs of $41,512. Additional briefing was

1 requested on the reasonableness of plaintiffs' requested attorney's fees, primarily due to
2 arithmetical errors in their original briefing.

3 In determining the amount of attorney's fees, the criteria are: "(1) the time and labor
4 required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to
5 perform the legal service properly, (4) the preclusion of other employment by the attorney due
6 to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7)
7 time limitations imposed by the client or the circumstances, (8) the amount involved and the
8 results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the
9 'undesirability' of the case, (11) the nature and length of the professional relationship with the
10 client, and (12) awards in similar cases." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th
11 Cir.1975). While the record must reflect that all twelve *Kerr* factors were considered, the order
12 "should discuss only those *Kerr* factors that are relevant to the court's decision; each and every
13 factor need not be discussed." *D'Emanuele v. Montgomery Ward & Co.* 904 F.2d 1379, 1383
14 (9th Cir. 1990).

15 Plaintiffs have now filed a supplemental submission regarding the reasonableness of
16 their request for $18,134 in attorney's fees. They have submitted a chart of total time spent by
17 plaintiffs' counsel in this action organized by discrete projects and by individual timekeepers as
18 well as those timekeepers' reasonable hourly rate. Plaintiffs' counsel has submitted
19 declarations describing the experience and background of each of the five timekeepers who
20 billed on this matter. Plaintiffs' counsel has also submitted a comparison to show that its
21 requested hourly rates are similar to rates approved by courts in other simple ERISA actions.

22 The vast majority of time billed on this matter was by Kristen McCulloch, an associate
23 attorney at the law firm Saltzman & Johnson with eleven years of litigation experience who has
24 specialized in employee benefit law since 2006 (McCulloch Decl. ¶ 2). Attorney McCulloch
25 billed a total of 88 hours at a rate of $185.00 per hour on this matter, including 8 hours drafting
26 the complaint, 13.6 hours responding to defendant's request for arbitration, 6.7 hours preparing
27 for and attending the case management conference, 6.3 hours completing initial disclosures,
28 about 13.7 hours preparing for and attending mediation, about 35.8 hours preparing the motion

for summary judgment, and 3.9 hours on other miscellaneous tasks. (McCulloch Decl. Exh. A). Attorneys Muriel B. Kaplan — who charges a rate of $195.00 an hour — and Michelle Sicula — who charges a rate of $185.00 an hour — respectively billed 0.2 and 3.5 hours on this action. Two paralegals, Qui Lu and Vanessa de Fabrega, both of whom charge a rate of $110.00 an hour, collectively billed 11.2 hours.

Based on the declarations submitted in support of plaintiffs' application, this order finds that the requested hourly rate for each timekeeper is reasonable and that the number of hours billed by each timekeeper is also reasonable. Defendant is therefore ordered to immediately pay to plaintiffs $18,134 in attorney's fees.

**IT IS SO ORDERED.**

Dated: December 11, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3